IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NATHAN LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-132 (MTT) |
| | ) |
| COVAN WORLDWIDE MOVING, INC. et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Defendants COVAN Worldwide Moving, Inc. and Coleman American Moving Services, Inc. move the Court to issue an order staying the case and compelling Plaintiff Nathan Lofton's claims to arbitration or, in the alternative, dismissing Counts III, V, and VI of Lofton's Complaint pursuant to Fed R. Civ. Proc. 12(b) for failure to exhaust administrative remedies under Title VII and for failure to state a claim.  Doc. 8.  In an effort to afford Lofton, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given.  If Lofton wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

The Court evaluates a motion to compel arbitration and a motion to dismiss based on failure to state a claim and failure to exhaust administrative remedies using the following standards.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Doc. 8) to the *pro se* Plaintiff at his last-known address.  Thereafter, all notices or other papers may be served on the Plaintiff directly by mail at his last-known address.

*Motion to compel arbitration*. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act] compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The party seeking to compel arbitration has the initial burden of demonstrating that a valid arbitration agreement exists and that the dispute in question falls within its scope. *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016). In analyzing whether an agreement to arbitrate exists, the Eleventh Circuit has instructed district courts to employ a "summary judgment-like standard"; in doing so, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* at 1333; *see also Reiterman v. Abid*, 26 F.4th 1226, 1233 (11th Cir. 2022) ("[T]he FAA expressly provides that district courts may consider evidence when determining whether an arbitration agreement exists."). "If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party [opposing arbitration] ... the court shall hear and determine such issue." 9 U.S.C. § 4; *Reiterman*, 26 F.4th at 1233 (empowering district courts to hold an evidentiary hearing to determine whether an arbitration agreement exists as a matter of fact).

The following standard and rules govern a motion for summary judgment:

Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute cannot be said to be "genuine" where "it is

unsupported by the evidence or is created by evidence that is merely colorable or not significantly probative." *Bazemore*, 827 F.3d at 1329.  Moreover, "conclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Id*.  To establish that a genuine fact dispute exists, the party opposing summary judgment must respond by filing affidavits or other materials to persuade the Court that the case must be presented to a jury for resolution.  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.  Therefore, Rule 56 provides that a party may NOT oppose summary judgment simply by relying on the allegations in his or her pleadings.

Accordingly, applying these principles to this case, if Lofton does not timely respond to the defendants' motion to compel arbitration with affidavits or documentary evidence contradicting the material facts asserted in the defendants' motion, the Court may accept the factual assertions in the motion as true and grant the defendants' request to stay this case and compel arbitration of Lofton's claims.

*Motion to dismiss for failure to state a claim*.  The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival*

*Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

*Motion to dismiss for failure to exhaust administrative remedies*. Plaintiffs proceeding under Title VII must exhaust their administrative remedies by filing a charge with the EEOC before bringing their claims in federal court. 42 U.S.C. § 2000e-5. The Eleventh Circuit has held that "[e]xhaustion of [Title VII] administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), which addresses exhaustion of remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases).

If the plaintiff does not timely respond to the motion to dismiss, the Court may dismiss the claims against the defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. However, if the defendant has alleged that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant*, 530 F.3d at 1376). If the plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record." *Id*. Thus, Lofton may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

Finally, Lofton may submit his argument to this Court by filing a brief in opposition to the defendants' motion. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

**SO ORDERED**, this 27th day of August, 2024.

                                                    S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT