IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NATHAN LOFTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-132 (MTT) |
| ) | |
| COVAN WORDWIDE MOVING INC., and ) | |
| COLEMAN AMERICAN MOVING ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Nathan Lofton filed this pro se action against Defendants Covan Worldwide Moving, Inc. ("Covan") and Coleman American Moving Services, Inc. ("Coleman"). Doc. 1. Lofton, a black male, alleges that he was wrongfully terminated by the defendants and asserts claims of race discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Doc. 1 at 2-4, 7-9. On July 22, 2024, the defendants moved to stay the case and compel Lofton's claims to arbitration or in the alternative to dismiss Counts III, V, and VI of Lofton's complaint. Doc. 8. On December 16, 2024, the defendants filed a "Notice of Partial Withdrawal" reiterating their request to dismiss Counts III, V, and VI and withdrawing their request to stay the case and compel arbitration. Doc. 20. Lofton moves to strike the motion because he claims the defendants failed to serve him with a copy. Doc. 15. For the following reasons, Lofton's motion to strike (Doc. 15) is **DENIED,** and the defendants' motion to dismiss Counts III, V, and VI (Doc. 8) is **also DENIED**.

1

## I. BACKGROUND

Lofton began his employment with Coleman American Companies, Inc. (CAC) in 2008.[1]  Docs. 1 at 7; 8-2 ¶ 7; 8-2 at 12.  Over the years, he received several promotions, ultimately becoming a General Manager in 2017.  Doc. 1 at 7-9.  Lofton received another promotion in August 2020 and became the General Manager of a larger service center in Warner Robins, Georgia.  Docs. 1 at 2; 8-2 ¶ 5.  Lofton held this position until August 2023, when he was terminated due to alleged performance issues.  Docs. 1 at 2, 9; 8-2 ¶ 5.  On September 15, 2023, Lofton timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  Doc. 8-2 at 12-13.  Lofton's EEOC charge in its entirety states:

> THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
> I was hired by the above-named employer in March 2008 as a General Manager.  During my employment, I have been subjected to disparate treatment regarding terms and conditions of employment.  On August 9, 2023, I was discharged.
>
> Brian Vick, Regional Manager, stated they were going in a different direction.  He further stated I was being terminated for my performance.
>
> I believe that I have been discriminated against because of my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended.

On May 1, 2024, Lofton filed this action alleging his termination was due to racial discrimination and retaliation after he raised concerns about discriminatory practices within the company.  Doc. 1 at 7.  Lofton also alleges he was subject to a racially hostile work environment.  *Id.* at 8-9, 11.  On July 22, 2024, the defendants moved to stay the case and compel arbitration or, alternatively, to dismiss Counts III, V, and VI of Lofton's complaint.  Doc. 8.

---

[1] Lofton claims he was hired in 2005 by a company later acquired by the defendants.  Docs. 1 at 7; 14 at 2.  The defendants submitted a declaration stating that Lofton was hired in March 2008.  Doc. 8-2 ¶ 5.  This is consistent with Lofton's EEOC charge.

Lofton opposed the motion, arguing that the Federal Arbitration Act ("FAA") did not apply to him because he qualifies as a "transportation worker" under § 1 of the FAA. Doc. 14 at 6-8.  Lofton also moved to strike the defendants' motion, claiming the defendants failed to serve him with a copy of their motion and he had been prejudiced as a result.  Doc. 15.  Because the record did not allow the Court to resolve whether Lofton qualified as a transportation worker under the FAA, the defendants were ordered to depose Lofton on the sole question of whether he was a "transportation worker" and advise the Court if any additional discovery was necessary.  Doc. 19.

On December 16, 2024, the defendants filed a "Notice of Partial Withdrawal" reiterating their request to dismiss Counts III, V, and VI and withdrawing their request to stay the case and compel arbitration.  Doc. 20.  The defendants argue Counts III (Title VII Retaliation), V (Title VII Wrongful Termination), and VI (Section 1981 Wrongful Termination) should be dismissed because Lofton failed to exhaust administrative remedies for the retaliation claim and because wrongful termination is not a discrete cause of action under Title VII or § 1981.  Docs. 8-1 at 13; 17 at 10.

## II.  STANDARD

Although the defendants move to dismiss Counts III, V, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6), the Eleventh Circuit has held in unpublished cases that "[e]xhaustion of [Title VII] administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment."  *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), which addresses exhaustion of remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e); *see*

3

*also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (extending *Bryant* to Title VII cases). Thus, this Court has ruled that the Court may consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Gorham v. Houston Healthcare Sys., Inc*., 2022 WL 2160398, at *2 (M.D. Ga. June 15, 2022) (quoting *Bryant*, 530 F.3d at 1376 (citations omitted)).

This Court has also recognized that this standard of review could be questioned after the Supreme Court's ruling in *Fort Bend County v. Davis*, which held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating adjudicatory authority of the courts." 587 U.S. 541, 551 (2019); *Gorham*, 2022 WL 2160398, at *2. Although *Fort Bend County* does not directly implicate the reasoning of the cases cited above, it is possible that *Fort Bend County* could lead the Eleventh Circuit to revisit the procedure for resolving Title VII exhaustion issues, particularly given that its decisions extending *Bryant* to Title VII are unreported. *See Swauger v. Ashley,* 2020 WL 2218937, at *3 n.2 (N.D. Ala. May 7, 2020) (addressing the possible implication of *Fort Bend County* on Title VII federal claims), *aff'd and remanded sub nom. Swauger v. Dep't of Def. - Def. Intel. Agency*, 852 F. App'x 393 (11th Cir. 2021).

In any event, the Court provided notice to the parties that such material is properly considered in resolving the defendants' exhaustion motion and provided Lofton with an opportunity to supplement the record with any evidence deemed necessary to resolve the issue of whether he exhausted his administrative remedies. Doc. 13. Both

parties submitted materials outside the complaint in connection with the defendants' motion to dismiss on exhaustion grounds, and neither party objects to the Court's consideration of this evidence. Docs. 8-2; 7-1; 14-1 through 14-5.

### III.  DISCUSSION

**A. Lofton's Motion to Strike (Doc. 15)**

Lofton moves to strike the defendants' motion to dismiss Counts III, V, and VI of his complaint because he claims the defendants failed to serve him with a copy and he has been prejudiced as a result. Doc. 15. First, Lofton's claim that the defendants failed to serve him with a copy of the motion is contradicted by the record. Doc. 18-1 ¶ 3. Second, even if service was somehow deficient, the Court provided Lofton with a copy of the motion and gave him the opportunity to respond. Doc. 13. Because Lofton responded to the motion within the time set by the Court, any alleged failure by the defendant to serve Lofton with a copy of their motion did not result in any prejudice to Lofton. Doc. 14. Accordingly, Lofton's motion to strike (Doc. 15) is **DENIED**. *See Curtis v. BAC Home Loans Servicing LP*, 2010 WL 4054129, at *1 (M.D. Ga. Oct. 14, 2010); *see also Pescatrice v. Nat'l Action Fin. Servs., Inc.*, 2006 WL 8432128, at *1 (S.D. Fla. June 23, 2006) ("Given the strong preference for deciding matters on the merits, the Court … declines to strike Defendant's Motion … [because] Plaintiff has suffered no harm from Defendant's failing to serve the motion as the Court notified Plaintiff …. about the motion shortly after it was filed and afforded Plaintiff an opportunity to respond.").

**B. Defendants' Motion to Dismiss (Doc. 8)**

  1. *Count III (Title VII Retaliation)*

The defendants move to dismiss Count III of Lofton's complaint arguing Lofton failed to exhaust his administrative remedies for his Title VII retaliation claim because his EEOC charge did not mention unlawful retaliation or allege any facts that would reasonably lead the EEOC to investigate a potential retaliation claim.  Doc. 8-1 at 12-13.

Under Title VII, employees must exhaust their administrative remedies by filing a Charge of Discrimination with the EEOC.  42 U.S.C. § 2000e-5.  The purpose of this requirement is to allow the EEOC the first opportunity to investigate the alleged discriminatory practices and promote voluntary compliance and conciliation efforts.  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).  Judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but new acts of discrimination are inappropriate.  *Id.* at 1279-80.  While "it is far from clear what the appropriate standard is for determining when claims not explicitly presented to the EEOC were nonetheless exhausted," the Eleventh Circuit has been extremely reluctant to allow procedural technicalities to bar claims brought under discrimination statutes and has also held that the scope of an EEOC charge should not be strictly interpreted.  *Battle v. Ga. Dep't of Corr.*, 2021 WL 3824804, at *2 (M.D. Ga. Aug. 26, 2021); *Batson v. Salvation Army*, 897 F.3d 1320, 1325 (11th Cir. 2018).  Rather, the proper inquiry is whether the plaintiff's judicial claim is like or related to, or grew out of, the allegations contained in the EEOC charge, i.e., whether the EEOC's investigation would have reasonably uncovered evidence of the judicial claims.  *Batson*, 897 F.3d at 1325; *see Gregory,* 355 F.3d at 1280.

Here, Lofton's EEOC charge, prepared without the assistance of counsel, was sufficient to exhaust his remedies with respect to his Title VII retaliation claim.  Lofton's EEOC charge stated that he was terminated on August 9, 2023, that he was told he was being terminated based on his performance, and that he believed he had been discriminated against based on his race.  Doc. 8-2 at 12.  Lofton's judicial claim challenges the reasons cited for his termination and alleges that he was terminated in retaliation for his complaints about racial discrimination.  Doc. 1 at 10, 12. Because Lofton's termination was mentioned in his EEOC charge, and his termination is the specific form of alleged retaliation, an EEOC investigation of his discrimination claim arguably would have reasonably uncovered evidence of his retaliation claim.  *See Batson*, 897 F.3d at 1325; *see also Gregory,* 355 F.3d at 1280.  The defendants have not argued otherwise.[2]  In fact, Lofton claims that this is exactly what happened—i.e., that the discovery of new information during the EEOC investigation revealed the retaliatory motive behind his termination.  Doc. 14 at 12.  Accordingly, the allegations in Lofton's EEOC charge are sufficiently "like or related to" the Title VII retaliation claim he alleged in his complaint.  *Batson*, 897 F.3d at 1325.  The defendants' motion to dismiss Count III of Lofton's complaint (Doc. 8) is **DENIED**.

---

[2] The defendants argue that the alleged new information cited by Lofton—e.g., the termination of another minority employee and inconsistencies in the company's position statements—does not substantiate a retaliation claim.  Doc. 17 at 9.  This may be true, but that issue is not properly before the Court.

7

2. *Counts V (Title VII Wrongful Termination) and VI (Section 1981 Wrongful Termination)*

The defendants move to dismiss Counts V and VI of Lofton's complaint, arguing they are duplicative and fail to state a cause of action because neither Title VII or § 1981 creates a discrete cause of action for "wrongful termination" separate from the discrimination claims already alleged in Counts I and II. Docs. 8-1 at 13; 17 at 10. "Claims are duplicative when they rely on identical allegations, are decided under the same legal standard, and provide identical relief." *Appleby v. Knauf Gips KG*, 2023 WL 3844770, at *2 (S.D. Fla. June 5, 2023). Here, it is not clear if Lofton intends to rely on different legal theories in Counts I and II than he does in Counts V and VI of his complaint.[3] Although both Counts V and VI, like Counts I and II, contain allegations of wrongful termination under Title VII and § 1981 respectively, Counts I and II also allege that the defendants "discriminated against [Lofton] in compensation, duties, and in the denial advancement opportunities based on race, creating a hostile work environment." Doc. 1 at 13-17. Counts V and VI focus solely on wrongful termination. *Id.* at 15-17. Thus, the Court declines to dismiss Counts V and VI of Lofton's complaint at this stage of the case, and the defendants' motion (Doc. 8) is **DENIED**.

---

[3] Lofton argues that his wrongful termination claims are directly tied to his allegations of racial discrimination and retaliation because his termination was a result of his opposition to discriminatory practices within the company, which is actionable under both Title VII and Section 1981. Doc. 14 at 16-19. He contends that these claims should not be dismissed because they are integral to his overall allegations of discrimination and retaliation. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Lofton's motion to strike (Doc. 15) is **DENIED,** and the defendants' motion to dismiss Counts III, V, and VI of Lofton's complaint (Doc. 8) is also **DENIED**.

**SO ORDERED**, this 14th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
